UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARSHILKUMAR CHAUDHARI (as an individual and on the behalf of similarly situated persons),<br><br>Plaintiff,<br><br>v.<br><br>SUBWAY,<br><br>Defendants. | Case: 1:24-cv-06021<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Harshilkumar Chaudhari ("Plaintiff") as an individual and on the behalf of similarly situated persons, by and through the undersigned counsel, hereby files this Complaint against Subway ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendant's did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay minimum wage and overtime wages to Plaintiff and other similarly situated persons.

3. Plaintiff's is a representative party plaintiff in this FLSA and IMWL minimum wage

case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq*.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. § 1367.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Harshilkumar Chaudhari, resided in Kendall County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Subway, was an entity doing business in and for Kendall County in the State of Illinois with their address being 342 Douglas Road, Oswego, Illinois 60543.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants as a team member beginning in or around July 2023, until his constructive discharge on or around April 16, 2024.

10. Plaintiff's job duties included, but are not limited to, the following: maintaining a clean workspace, filling customer orders by creating sandwiches to customer demands, and completing customer transactions.

11. Plaintiff performed a specific job which was an integral part of the business of Defendants.

12. Plaintiff was Defendant's' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

13. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

14. Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

15. Defendant is an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d). Moreover, this same "Employer" is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

16. Plaintiff routinely worked over forty (40) hours or more in a work week but Defendant just paid Plaintiff's regular hourly rate on each paycheck not granting Plaintiff the overtime accumulated on the additional hours each week as well as not paying Plaintiff minimum wage.

17. For example, Plaintiff worked 79.13 hours during the work week of February 21 through February 27, in just one pay week.

18. In the two week pay period including the weeks of September 12 and September 13, Plaintiff worked a total of 150.28 hours, which he was paid $1,803.36 equaling $12.00 per hour.

19. In the two week pay period including the weeks of September 20 and September 27, Plaintiff worked a total of 149.74 hours, which he was paid $1,796.88 equaling $12.00 per hour.

20. In all work-weeks, Plaintiff and other non-exempt employees worked in excess of

3

forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

21. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

22. Not only did Defendants fail to pay Plaintiff time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendant failed to pay Plaintiff the state minimum wage of $13.00 per hour for all hours worked in 2023 and the minimum wage of $14.00 per hour for all hours worked in 2024.

23. As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

24. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff asserts his Count I and Count II claims, pursuant to 29 § 216(b) on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

26. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Manderly Group I, LLC who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

27. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

### COUNT I
**Violation of the Fair Labor Standards Act – Failure to Pay Overtime**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

28. Plaintiff hereby repeats and incorporates paragraphs 1-30 as if set forth fully herein.

29. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

30. During the course of his employment by Defendant, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Plaintiff and all other similarly situated employees were directed by Defendant to work, and did work, well in excess of forty (40) hours per week in one or more individual workweeks.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

33. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess

of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

35. Plaintiff hereby repeats and incorporates paragraphs 1-30 as if set forth fully herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

38. Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

39. Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wage Violation
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

40. Plaintiff hereby repeats and incorporates paragraphs 1-30 as if set forth fully herein.

41. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

42. The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

43. Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the minimum of $13.00 per hour for all work in 2023 and $14.00 per hour for all work in 2024.

44. Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked equivalent to the minimum wage of $13.00 per hour in 2023 and $14.00 per hour in 2024.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendant as follows:

    a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

    b. Liquidated damages in an amount equal to the amount of compensation found due;

    c. Reasonable attorneys' fees and costs incurred in filing this action; and

    d. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 17th day of July, 2024.

**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657

                **SULAIMAN LAW GROUP LTD.**
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 568-3056
                Fax (630) 575 - 8188
                <u>ceisenback@sulaimanlaw.com</u>
                *Attorney for Plaintiff*